UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

ROBERT DEAN GRIFFIN, JR.,

                Plaintiff,

    v.

TIM TRASHER,

                Defendants.

Case No. 3:17-cv-06084-RBL-TLF

ORDER TO SHOW CAUSE OR AMEND THE COMPLAINT

This matter is before the Court on plaintiff's filing of a proposed civil rights complaint. Dkt. 1. In light of the deficiencies in the complaint discussed herein, however, the undersigned will not direct service of the complaint at this time. Plaintiff, though, will be provided the opportunity by **March 9, 2018** to show cause why the complaint should not be dismissed or to file an amended complaint.

**BACKGROUND**

Plaintiff is incarcerated at the Washington State Penitentiary. He sues Tim Trasher.[1] Dkt. 1. He asserts that defendant violated his rights under the Fourth and Eighth Amendments. Dkt. 1, p. 3. He requests damages and injunctive relief. Dkt. 1, p. 7.

**DISCUSSION**

The Court is required to screen complaints brought by prisoners seeking relief against a

---

[1] The defendant is referred to here as "Tim Trasher," the name plaintiff put in the caption of his complaint. The factual allegations refer to "Tim Thrasher." Dkt. 1, pp. 1-2, 4-7.

ORDER TO SHOW CAUSE OR AMEND THE
COMPLAINT - 1

governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if it: (1) is frivolous or malicious; (2) fails to state a claim upon which relief can be granted; or (3) seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A(b)(1), (2). The fact that a prisoner pays the filing fee is no barrier to a court, when dismissing the case as frivolous, directing that the dismissal count as a strike under 28 U.S.C. § 1915(g). *Belanus v. Clark*, 796 F.3d 1021, 1028 (9th Cir. 2015).

Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires a complaint to include a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 554 (2007) (*citing Conley v. Gibson*, 355 U.S. 41 (1957)). To avoid dismissal for failure to state a claim, a plaintiff must include more than "naked assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555-557. A claim upon which the court can grant relief has facial plausibility; a claim has "facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

The Court declines to serve Mr. Griffin's complaint because it contains fatal deficiencies that, if not addressed, will lead to a recommendation of dismissal of the entire action for failure to state a claim upon which relief may be granted. 28 U.S.C. §§ 1915(e)(2)(b)(ii), 1915A(b)(1).

Plaintiff's complaint is brought under § 1983. To state a claim under § 1983, a plaintiff must allege facts showing (1) the conduct about which he complains was committed by a person acting under the color of state law; and (2) the conduct deprived him of a federal constitutional

or statutory right. *Wood v. Ostrander*, 879 F.2d 583, 587 (9th Cir. 1989). In addition, to state a valid § 1983 claim, a plaintiff must allege that he suffered a specific injury as a result of the conduct of a particular defendant, and he must allege an affirmative link between the injury and the conduct of that defendant. *Rizzo v. Goode*, 423 U.S. 362, 371-72, 377 (1976).

If the person named as a defendant was a supervisory official, plaintiff must either state that the defendant personally participated in the constitutional deprivation (and tell the Court the five things listed above), or plaintiff must state, if he can do so in good faith, that the defendant was aware of the similar widespread abuses, but with deliberate indifference to plaintiff's constitutional rights, failed to take action to prevent further harm to plaintiff and also state facts to support this claim. *See Monell v. New York City Department of Social Services*, 436 U.S. 658, 691 (1978).

Here, plaintiff appears to allege a number of acts and omissions that prison staff committed on April 7 and April 8, 2017 and that could amount to constitutional violations, including: placing him overnight in a holding cell during winter with a single blanket and the door open; videotaping him masturbating; assaulting him through his cell door; and improperly strip searching him.

However, these fact allegations are unclear and fail to make any connections regarding which defendants allegedly committed certain acts or omitted to act, what connection the act or omission has to any particular constitutional deprivation or harm, and when those alleged acts or omissions occurred. While plaintiff names only Tim Trasher as a defendant, his complaint contains allegations that seem to raise claims against other prison staff whom the plaintiff alleges were also involved in the alleged violations. *See* Dkt. 1, pp. 4-7. The allegations contain only

ORDER TO SHOW CAUSE OR AMEND THE
COMPLAINT - 3

three references to Trasher, and none alleges a facially plausible claim that he caused a violation of plaintiff's constitutional rights. Dkt. 1, pp. 4-6.

The Court cannot reasonably discharge its screening responsibility under § 1915A until plaintiff complies with the pleading requirements set forth in Rule 8. Plaintiff must therefore provide a "short and plain statement of the claim," stating how specific acts or omissions by the defendant Tim Trasher caused violations of plaintiff's constitutional rights.

## CONCLUSION

Due to the deficiencies described above, the Court will not serve the complaint. Plaintiff may show cause why his complaint should not be dismissed or may file an amended complaint to cure, if possible, the deficiencies noted herein, **on or before March 9, 2018**. If an amended complaint is filed, it must be legibly rewritten or retyped in its entirety and contain the same case number. Any cause of action alleged in the original complaint that is not alleged in the amended complaint is waived. *Forsyth v. Humana, Inc.*, 114 F.3d 1467, 1474 (9th Cir. 1997), *overruled in part on other grounds*, *Lacey v. Maricopa Cnty.*, 693 F.3d 896 (9th Cir. 2012).

The Court will screen the amended complaint to determine whether it states a claim for relief cognizable under 42 U.S.C. § 1983. If the amended complaint is not timely filed or fails to adequately address the issues raised herein, the undersigned will recommend dismissal of this action as frivolous under 28 U.S.C. § 1915, and the dismissal will count as a "strike" under 28 U.S.C. § 1915(g). Plaintiff should be aware that a prisoner who brings three or more civil actions or appeals that are dismissed on the grounds that they are legally frivolous, malicious, or fail to state a claim, will be precluded from bringing any other civil action or appeal *in forma pauperis*, "unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

1  The Clerk is directed to send Plaintiff the appropriate forms for filing a 42 U.S.C. § 1983

2  civil rights complaint and for service, a copy of this Order and the *Pro Se* Information Sheet.

3  Dated this 7th day of February, 2018.

*Theresa L. Fricke*
Theresa L. Fricke
United States Magistrate Judge